UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHRISTINE ODLE, et al.,

                        Plaintiffs,          **REPORT AND**
                                               **RECOMMENDATION**
       - against -

                                              09-CV-2881 (ILG) (JO)

CITY OF NEW YORK, et al.,

                        Defendants.
----------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       Plaintiffs Christine Odle ("Odle") and Franklin McPherson ("McPherson") filed a complaint on July 7, 2009 against the City of New York and several of its police officers seeking redress for the alleged violation of their constitutional rights arising from what they characterize as an improper arrest. Docket Entry ("DE") 1 (Complaint)). Although McPherson has prosecuted his claims during the discovery phase, Odle has not. Instead, she has consistently failed to participate in the litigation, disobeyed court orders, and improperly withheld basic information about her claims. Her intransigence has persisted despite multiple warnings that it might result in the dismissal of her claims. Lacking any meaningful alternative that will allow the remaining parties to litigate the case on the merits without undue prejudice, I now respectfully recommend that the court dismiss all of Odle's claims with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

       A district court has the inherent power to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Consistent with that inherent authority, the Federal Rules of Civil Procedure explicitly empower a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute[.]" Fed.

R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 576 (noting that standard of review is abuse of discretion). "Although the text of [Rule] 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute[.]" *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630).

Because dismissal on such grounds is unquestionably a harsh remedy that should be used only in extreme situations, *Lewis*, 564 F.3d 575-76 (internal citations omitted), a court considering such an action should examine five factors. Specifically, the court should consider whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id*. at 576 (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id*. In weighing the five factors, the court must consider the record of the entire case as a whole. *Id*. A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory conduct" or "an action lying dormant with no significant activity to move it." *Barahman v. Sullivan*, 1992 WL 226293, at *1 (E.D.N.Y. May 15, 1992) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).

All five relevant factors weigh in favor of dismissal. First, Odle's inaction constitutes a "pattern of dilatory conduct" and has allowed their case to lie "dormant with no significant activity" for several months. *See id*. As the docket reflects, notwithstanding multiple court orders, she has failed to authorize the release of records concerning the arrest and prosecution

about which she complains – records that are critical to allowing a fair hearing on the merits of her claims. She has likewise failed to provide any discovery, to maintain contact with her attorney, or to attend court proceedings when ordered to do so. *See* Order dated July 29, 2009; DE 6; Order dated August 25, 2009; DE 8; DE 9; Order dated September 1, 2009; DE 10; DE 13. Simply put, in more than eight months since her attorney filed the Complaint, Odle has done nothing to advance the litigation.

Second, Odle's inaction has continued even in the face of repeated explicit warnings that such behavior could result in the dismissal of her claims. *See* Order dated September 1, 2009; Order dated October 14, 2009; Order dated October 20, 2009; Order dated March 24, 2010. Although Odle has never appeared in court for me to warn her in person, her counsel has made extensive efforts to contact her and convey those same warnings himself. As the record reflects, Odle has not responded to her counsel's efforts. At a conference before me on March 26, 2010, Odle's counsel reported that his client had informed him through an intermediary that she was no longer interested in pursuing her claims.

Third, applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendants, *see*, *e.g.*, *Shannon v. General Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.,* 682 F.2d at 43). Bolstering that presumption is the fact that Odle has a co-plaintiff who has diligently pursued his own claims against the defendants: if Odle's inaction persists, either McPherson must needlessly await the disposition of his claims or the defendants must unfairly be subjected to duplicative litigation and the risk of inconsistent verdicts.

3

Fourth, although the case has not cluttered the court's docket for very long, there is no sign that the litigation of Odle's claims will move forward in the future; moreover, Odle's right to an opportunity for a day in court has been thoroughly vindicated – notwithstanding the fact that she has inexplicably squandered that opportunity.  Finally, no lesser sanction than dismissal is likely to be effective in light of Odle's failure to respond to my prior orders

For the reasons set forth above, I respectfully recommend that the court dismiss all of plaintiff Christine Odle's claims with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed no later than April 12, 2010.  Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: Brooklyn, New York
March 26, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge